IH-32 Rev: 2014-1

# United States District Court
for the
# Southern District of New York
## Related Case Statement

Full Caption of Later Filed Case:

Jessica Lewis, Individually and on Behalf
of All Others Similarly Situated

| Plaintiff | Case Number |
|---|---|
| vs. | 7:26-cv-8794 |
| PepsiCo, Inc. and Garza Food Ventures, LLC | |
| Defendant | |

Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

Andrew Golden, individually and on behalf
of all others similarly situated,

| Plaintiff | Case Number |
|---|---|
| vs. | 7:26-cv-07389 |
| PepsiCo, Inc. | |
| Defendant | |

Status of Earlier Filed Case:

☐ Closed (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open (If so, set forth procedural status and summarize any court rulings.)

Andrew Golden v. PepsiCo, Inc., No. 7:26-cv-07389 (S.D.N.Y.) was filed on September 17, 2026, and has been assigned to Judge Philip M. Halpern. PepsiCo, Inc. must file an answer to complaint by November 9, 2026. No rulings have been made.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

Pursuant to Rule 13 for the Division of Business Among District Judge, S.D.N.Y., this current action has substantial overlap and some of the same factual allegations as the earlier filed case Andrew Golden v. PepsiCo, Inc., No. 7:26-cv-07389 (S.D.N.Y.). The earlier-filed case is a class action seeking damages and injunctive relief against PepsiCo, Inc., based on allegations that PepsiCo, Inc. committed violations of state laws in New York, as well as a breach of express warranty and unjust enrichment from PepsiCo, Inc.'s systematic mislabeling of avocado-oil-based food products.

Both cases allege that PepsiCo, Inc. deceptively marketed and sold food products that are purportedly made with avocado oil instead of other oils but, in fact, do not contain 100% avocado oil. Both cases rely on the 2026 UC Davis Study as the basis for their claims that PepsiCo, Inc.'s products contain oils that are not consistent with 100% avocado oil.

Accordingly, a determination of relatedness is required to avoid a substantial duplication of effort and expense, delay, or undue burden on the Court, parties, and witnesses.

Signature: /s/ Matthew Insley-Pruitt Date: 10/5/2026

Firm: Wolf Popper LLP